**GREENBERG TRAURIG, LLP**
Rebekah S. Guyon (SBN 291037)
*GuyonR@gtlaw.com*
Laura Lacarcel (SBN 340783)
*laura.lacarcel@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

*Attorneys for specially appearing defendant Mandry Technology Solutions, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANA HUGHES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MANDRY TECHNOLOGY SOLUTIONS, LLC, a Texas company,<br><br>Defendant. | Case No. 2:23-cv-9502<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(a) & 1441(a)**<br><br>Action Filed: Oct. 4, 2023 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, AND TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Defendant Mandry Technology Solutions, LLC, specially appearing, hereby removes the above-captioned action, *Hughes v. Mandry Technology Solutions, LLC,* Case No. 23STCV24137 (the "State Court Action"), from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332(a) and 1441(a). Defendant denies the allegations and relief sought by Plaintiff, and files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor.

**BACKGROUND**

1. On October 4, 2023, Plaintiff Dana Hughes ("Plaintiff") filed the Complaint in the State Court Action.

2. The Complaint asserts violations of the California Comprehensive Computer Data Access and Fraud Act, California Penal Code Section 502(e) ("CDAFA"). Ex. A (Compl. ¶¶ 17-21).

3. Pursuant to 28 U.S.C. § 1446(a), attached to this Notice are true copies of all process, pleadings, and orders received by Mandry Technology Solutions, LLC, which has not been properly served in the State Court Action (Exhibit A). For the Court's ease of reference, also attached is the remainder of the state court file (Exhibit B).

**TIMELINESS OF REMOVAL**

4. This Notice of Removal is timely because it is filed within 30 days from receipt by Defendant "of a copy of the initial pleading . . . ." 28 U.S.C. § 1446(b)(1). On October 10, 2023, Defendant received by mail a copy of the Complaint, Alternative Dispute Resolution Information Package, Civil Case Cover Sheet and Addendum, Notice of Case Assignment, and Voluntary Efficient Litigation Stipulations. *See* Ex. A.

5. However, to properly effect service by mail under the California Code of Civil Procedure, a copy of the summons and the complaint must be mailed "to the person to be

served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender." Cal. Code Civ. Proc. § 415.30(a). To date, Defendant has not received a copy of the summons nor two copies of a notice of acknowledgment along with a return envelope, postage prepaid, addressed to the sender.

6. The removal of this action to federal court does not waive Defendant's right to contest the adequacy of service of the summons and Complaint, and Defendant reserves its right to assert the defenses of insufficient process and insufficient service of process in addition to all other defenses provided under Federal Rule of Civil Procedure 12(b) or under applicable state and federal law.[1]

**REMOVAL VENUE**

7. The State Court Action was filed in the Superior Court of the State of California for the County of Los Angeles. Therefore, the United States District Court, Central District of California, is the proper venue for removal. 28 U.S.C. § 1441(a).

**THE COURT HAS ORIGINAL JURISDICTION OVER THE STATE COURT ACTION PURSUANT TO SECTION 1332(A)**

8. Section 1441(b) of the United States Code provides for removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Under Section 1332(a), district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1).

[1] In addition to its general reservation of rights and defenses, Defendant reserves its right to contest to the Court's and the Superior Court of California's personal jurisdiction over Defendant and specially appears herein and in the State Court Action. *See Maplebrook Townhomes LLC v. Greenbank*, No. 10-CV-03688-LHK, 2010 WL 4704472, at *4 (N.D. Cal. Nov. 12, 2010) ("[T]he United States Supreme Court has held that a removal to federal court counts as a special appearance and does not waive the right to object to personal jurisdiction. Therefore, [a defendant] is within its rights to object to personal jurisdiction although it removed this case to federal court." (citing *Wabash W. Ry. v. Brow*, 164 U.S. 271, 278-79 (1896)).

**A. *The Diversity Requirement Is Met In This Case.***

9. As of this filing and at the time the Complaint was filed, Plaintiff is and was a citizen of California. Ex. A, Compl. ¶ 4.

10. Defendant is and was a limited liability company organized under the laws of Texas with its principal place of business in Texas. Ex. A, Compl. ¶ 5. Defendant has a single member, who is and was a citizen of Texas.

11. Complete diversity therefore exists. *See 3123 SMB, LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018).

**B. *The Amount In Controversy Exceeds The Sum Or Value Of $75,000 Exclusive Of Interest And Costs.***

12. Without prejudice to Defendant's defenses or conceding the merits of Plaintiff's claims, *see Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendant's] liability"), Plaintiff's allegations show that the amount potentially alleged to be in controversy exceeds the jurisdictional amount.

13. To satisfy the amount-in-controversy requirement, a defendant must establish only that "the potential damages could exceed the jurisdictional amount." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1239 (9th Cir. 2014) (quoting *Lewis*, 627 F.3d at 397). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *see also, e.g.*, *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) ("[T]he amount in controversy is the 'amount at stake in the underlying litigation.' 'Amount at stake' does not mean likely or probable liability; rather it refers to possible liability."). "In that sense, the amount in controversy reflects the maximum recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019).

14. "A defendant's preponderance burden is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the

plaintiff's claims for damages." *Mortley v. Express Pipe & Supply Co.*, No. SACV 17–1938–JLS–JDE, 2018 WL 708115, at *2 (C.D. Cal. Feb. 5, 2018). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn*, 536 F. Supp. 2d at 1205.

15. The amount in controversy "includes, *inter alia,* damages (compensatory, punitive, or otherwise), and the costs of complying with an injunction, as well as attorneys' fees awarded under fee-shifting statutes or contract." *Gonzales v. CarMax Auto Superstores*, LLC, 840 F.3d 644, 648–649 (9th Cir. 2016); *see also Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.") (internal citations omitted).

16. When a plaintiff fails to plead a specific dollar amount of damages and the amount in controversy is not "facially apparent" from the complaint, "the court may consider facts in the removal petition" to determine the amount at issue. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

17. The Complaint alleges violations of the CDAFA, seeking "compensatory damages, injunctive relief, punitive damages, and attorneys' fees." Ex. A, Compl. ¶¶ 17-21 & Prayer. Violators of the CDAFA are liable for "compensatory damages and injunctive relief or other equitable relief" Cal. Pen. Code § 502(e)(1), "reasonable attorneys fees," *id*. § 502(e)(2), and, if the violation is willful (as Plaintiff alleges here, *see* Compl. ¶¶16, 18-21), "punitive or exemplary damages," *id*. § 502(e)(4).

18. Plaintiff alleges Defendant has "secretly installed third party spyware on its website" allowing it to "de-anonymize every anonymous visitor to the site so that Defendant knows each visitor's name, face, location, e-mail, and browsing history" without the consent or authorization of those visitors. Ex. A, Compl. at Introduction. The

spyware "obtains user data in real-time" and "aggregates it with other data obtained from the dark web" so that Defendant "may turn anonymous visitors into 'actionable sales leads in real-time,'" "share its data with third parties," and subject visitors to "Defendant's marketing apparatus." *Id*. "Defendant quietly used such technology to help meet their [sic] own mercenary objectives at the expense of the general public, dramatically increasing the amount of de-anonymized information available to itself and third parties." *Id*. ¶ 9.

19. As alleged, the spyware provided by third-party Lead Forensics (or "LF") "secretly collects and analyzes real-time information about everyone engaging on those platforms and on third-party platforms. This results in LF collecting and selling information about activity that users could not expect to be gathered or sold," *id*. ¶ 15, including Plaintiff's and other visitor's "name, face, location, e-mail, and browsing history" in violation of subdivisions (c)(1), (c)(2), and (c)(6) of the CDAFA. *Id*. ¶¶ 18-21.

20. In addition to the compensatory damages resulting from the alleged loss of Plaintiff's "online anonymity" (*see* Ex. A, Compl. ¶ 6), compensatory damages also "shall include any expenditure reasonably and necessarily incurred by the owner or lessee to verify that a computer system, computer network, computer program, or data was or was not altered, damaged, or deleted by the access." Cal. Pen. Code § 502(e)(1); *see also Copart, Inc. v. Sparta Consulting, Inc.*, 277 F. Supp. 3d 1127, 1162 (E.D. Cal. 2017) ("Here, Copart alleges it has expended resources investigating defendants' unauthorized access to its computer systems. . . . As support, Copart provides evidence that it has spent over 80 hours, at an internal rate of $100 per hour, conducting its investigation. . . . Investigation expenses are recoverable under the [CDAFA].").

21. Further, compliance with the requested injunction alone would impose costs far more than the jurisdictional amount. Plaintiff complains about Defendant's alleged collection or sharing of IP addresses (Ex. A, Compl. ¶ 14), but that data that is necessarily relayed to Defendant's servers supporting its website. *See United States v. Christie*, 624 F.3d 558, 563 (3d Cir. 2010) (IP addresses are "conveyed to websites that an internet user visits"); *United States v. Heckenkamp*, 482 F.3d 1142, 1144 n.1 (9th Cir. 2007).

22. The losses Defendant will sustain from the need to reconfigure its website to comply with any injunctive relief Plaintiff seeks here, combined with the compensatory and punitive damages sought, would easily surpass $75,000. An injunction would require costly expenditures to alter the website code to avoid automatic collection or sharing of IP addresses, which may require disabling the website altogether. *See In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F3d 599, 610 (7th Cir. 1997) (cost to defendant of complying with injunction may include costs of compliance, including internal clerical and ministerial costs, and lost benefits or income) (*abrogated on other grounds by Rivet v. Regions Bank of Louisiana*, 522 US 470 (1998)); s*ee also In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001) (for determining the value of injunctive relief for the amount in controversy, the Ninth Circuit employs the "either viewpoint rule," which looks to "the pecuniary result to either party which the judgment would directly produce.").

23. Plaintiff also requests statutory attorney's fees and punitive damages under the CDAFA. Ex. A, Compl. ¶¶ 17-21 & Prayer. Statutory attorney's fees and punitive damages are included for determining amount in controversy. *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010 (N.D. Cal. 2002); *see Conrad Assocs. v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("The amount in controversy includes claims for general and special damages (excluding costs and interests), including attorney's fees, if recoverable by statute or contract, and punitive damages, if recoverable as a matter of law."). While the cost of compliance with the requested injunction and compensatory damages already surpass the jurisdictional limit, the inclusion of these fees and punitive damages further pushes the amount in controversy well above $75,000.

24. Defendant denies Plaintiff's allegations and that Plaintiff has suffered any loss, and denies that Plaintiff is entitled to any damages, injunctive relief or any other relief or recovery. But if Plaintiff's allegations were true, the potential recovery would far exceed $75,000. *See Lewis*, 627 F.3d at 400.

25. As such, the $75,000 jurisdictional threshold is met. Therefore, jurisdiction in

the Central District of California is proper under 28 U.S.C. § 1332(a).

**CONCLUSION**

26. For the foregoing reasons, removal pursuant to 28 U.S.C. §§ 1332(a) is proper.

27. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the clerk of the Superior Court of California for the County of Los Angeles.

28. Pursuant to 28 U.S.C. § 1446(d), Defendant is providing written notice of the removal of this action to Plaintiff by serving Plaintiff's counsel by email and U.S. mail.

29. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders received by unserved Defendant are being filed with the Court contemporaneously with this Notice of Removal.

30. By filing this Notice of Removal, Defendant does not waive any defenses available under the law.

31. Defendant does not concede that the allegations in Plaintiff's Complaint are accurate, or that Plaintiff is entitled to damages, equitable relief, attorneys' fees and costs, or any other form of relief.[2]

THEREFORE, Defendant Mandry Technology Solutions, LLC removes this action to this Court from the Superior Court of the State of California, County of Los Angeles.

Respectfully submitted,

Dated: November 9, 2023

GREENBERG TRAURIG, LLP

By: */s/Rebekah S. Guyon*

Rebekah S. Guyon
*GuyonR@gtlaw.com*
*Attorneys for specially appearing defendant Mandry Technology Solutions, LLC*

---

[2] Defendant reserves the right to present additional evidentiary support should Plaintiff challenge federal jurisdiction. *See Dart Cherokee*, 574 U.S. at 89 ("[e]vidence establishing the [jurisdictional] amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation" that the amount in controversy exceeds the jurisdictional threshold).

## PROOF OF SERVICE

I am a citizen of the United States and am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **1840 Century Park East, Suite 1900, Los Angeles, California 90067.**

On November 9, 2023, I served the **NOTICE OF REMOVAL** on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

Robert Tauler – rtauler@taulersmith.com
Tauler Smith, LLP
626 Wilshire Blvd., Suite 550
Los Angeles, CA 90017
Tel: (310) 590-3927

Attorneys for Plaintiff

☐ **(BY FIRST CLASS MAIL)**
I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of such business.

☐ **(BY OVERNIGHT COURIER)**
I deposited such envelope for collection and delivery by an overnight courier service with delivery fees paid or provided for in accordance with ordinary business practices. I am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by an overnight courier service. They are deposited with a facility regularly maintained by the overnight courier service for receipt on the same day in the ordinary course of business.

☒ **(BY E-MAIL)**
I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 9, 2023, at Los Angeles, California.

H Sharifi

Haleh Sharifi