UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-09502-JLS-MAR                                      Date: November 16, 2023
Title:  Dana Huges v. Mandry Tech. Solutions, LLC

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Gabby Garcia | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:                    Attorneys Present for Defendant:

Not Present                                                        Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER TO SHOW CAUSE RE REMAND**

    Plaintiff Dana Hughes initiated this action against Defendant Mandry Technology Solutions, LLC in the Superior Court of California for Los Angeles County, alleging violations of the California Unauthorized Access to Computer Data Act (the "CUCA"). (State Court Compl., Doc. 1, Ex. A.)  Mandry removed to this Court, invoking diversity jurisdiction.  (Notice of Removal ("NOR"), Doc. 1.)  The Court *sua sponte* questions its subject-matter jurisdiction and ORDERS Mandry to show cause as to why this case should not be remanded to state court because diversity jurisdiction's amount-in-controversy requirement is not satisfied.

    To fall within federal courts' diversity jurisdiction, an action's amount in controversy must "exceed[] the sum or value of $75,000." 28 U.S.C. § 1332(a).  The burden of establishing that this threshold is met "rests upon the party asserting jurisdiction" and the "burden is particularly stringent for removing defendants because the removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand."  *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773–74 (9th Cir. 2017) (internal quotations omitted).  "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-09502-JLS-MAR                                          Date: November 16, 2023
Title:  Dana Huges v. Mandry Tech. Solutions, LLC

must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Id.* at 774 (internal quotations omitted).

Here, Mandry attempts to meet its burden in large part by pointing to the cost of complying with an injunction in this action.  "Under the 'either viewpoint' rule, the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce. …  In other words, where … the potential cost to the defendant of complying with [an] injunction exceeds that amount, … that represents the amount in controversy for jurisdictional purposes." *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001).

But Mandry fails to allege any facts that allow the Court to determine whether the cost of complying with an injunction would actually push the amount in controversy over $75,000.  Mandry states that "[a]n injunction would require costly expenditures to alter the website code to avoid automatic collection or sharing of IP addresses, which may require disabling the website altogether."  (NOR ¶ 22.)  This is not sufficient to fulfill Mandry's burden.  As alleged in the Complaint, Mandry's infringement of the CUCA derives from its installation of spyware offered by third-party vendor Lead Forensics— uninstalling a third-party application appears to impose only a *de minimis* cost.  (*See* Compl. ¶¶ 12–16.)  Mandry also provides no information about the amount owed to Hughes in damages, thereby making it impossible to know whether those damages, in combination with the costs of injunction compliance, "easily surpass $75,000" as Mandry claims.  (NOR ¶ 22.)

Therefore, the Court ORDERS Mandry to show cause as to how the amount in controversy exceeds $75,000 in this action.  To satisfy its burden, Mandry must submit proof that permits the Court to "find[], by the preponderance of the evidence, that the amount in controversy" requirement is satisfied.  28 U.S.C. § 1446(c)(2)(B).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-09502-JLS-MAR                                    Date: November 16, 2023
Title:  Dana Huges v. Mandry Tech. Solutions, LLC

　　　Mandry is ORDERED to show cause in writing no later than **seven (7) days** from the date of this Order.  Mandry's response shall not exceed **five (5) pages**.

　　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk: gga